**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **MARIA GARCIA JACKSON,** | ) | **Case No. 18-40015-drd7** |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| ---------------------------------------------------------------- | ) | |
| **DANIEL J. CASAMATTA,** | ) | |
| **ACTING UNITED STATES TRUSTEE,** | ) | |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| v. | ) | **Adv. No.** |
| | ) | |
| **SYNERGY ATTORNEY SERVICES, LLC,** | ) | |
| | ) | |
| **SYNERGY LAW, LLC,** | ) | |
| | ) | |
| **KERRIGAN LEGAL, LLC,** | ) | |
| | ) | |
| **DAVID MARESCA,** | ) | |
| | ) | |
| **MEGAN A. KERRIGAN,** | ) | |
| | ) | |
| **SCOTT M. MARINELLI,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **JEREMY J. DEEKEN, d/b/a** | ) | |
| **JEREMY DEEKEN ESQ & ASSOCIATES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>COMPLAINT FOR INJUNCTIVE AND COMPENSATORY
RELIEF AND SANCTIONS PURSUANT TO
11 U.S.C. §§ 105, 329, 526 AND 528 AND RULE 2016</u>**

Plaintiff Daniel J. Casamatta, Acting United States Trustee for the Western District

of Missouri, states and alleges the following upon information and belief:

## Jurisdiction and Venue

1. This is a complaint in which the United States Trustee is seeking compensatory and injunctive relief as well as the imposition of sanctions against Synergy Attorney Services, LLC; Synergy Law, LLC; Kerrigan Legal, LLC; David Maresca; attorney Megan A. Kerrigan; attorney Scott M. Marinelli; and attorney Jeremy J. Deeken, d/b/a Jeremy Deeken Esq. & Associates (collectively, "the Defendants") under 11 U.S.C. §§ 105, 329, 526, and 528 and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and a general order of reference from the United States District Court for the Western District of Missouri.

3. This proceeding is a constitutionally and statutorily core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) in that it asserts only claims arising directly under title 11 of the United States Code. Nevertheless, to the extent any of these proceedings are non-core, the United States Trustee consents to the entry of a final judgment by the Bankruptcy Court in accordance with the local rules of this Court.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## Parties

5. Plaintiff is the duly appointed Acting United States Trustee for Region 13, which includes the Western District of Missouri.

6. Plaintiff has standing and files this Complaint in his official capacity pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 307.

7. Defendant Synergy Attorney Services, LLC, ("Synergy Services") is a Virginia limited liability company with its principal place of business in Manassas, Virginia, and a mailing address of 10562 Talisa Lane, Manassas, Virginia, 20112.

8. The Registered Agent for Synergy Services is United States Corporation Agents, Inc., with a mailing address of 4445 Corporation Lane, Suite 259, Virginia Beach, Virginia, 23462.

9. To promote and conduct its business, Synergy Services uses an internet website domain: http://synergyattorneyservices.com/.

10. Defendant Synergy Law, LLC, ("Synergy Law") is a limited liability company registered in the District of Columbia with a mailing address of 1101 Connecticut Avenue, NW, Suite 450, Washington, DC, 20036.

11. The registered agent for Synergy Law is United States Corporation Agents, Inc., with a mailing address of 700 12th Street, NW, Suite 700, Washington, DC 20005.

12. To promote and conduct its business, Synergy Law uses an internet website domain: http://synergylawllc.com/.

13. Synergy Services and Synergy Law are affiliated entities. Their websites appear substantially similar and list the same phone number. Both websites use the tag line, "The firm emphasizes client care and communication so that every client feels like a top priority and not 'just another client.'" Collectively, Synergy Services and Synergy Law will be referred to as "Synergy".

14. Synergy has been enjoined, sanctioned, or ordered to disgorge fees in multiple federal

districts.[1]

15. Defendant David Maresca is the owner of Synergy.

16. Maresca signed the stipulated agreement in the case *In re Vega*, case no. 18-40159 in the Bankruptcy Court for the District of Kansas as the CEO of Synergy Law, LLC.

17. The District of Columbia's Department of Consumer and Regulatory Affairs database lists Maresca as the "governor" of Synergy Law.

18. Maresca's Facebook account lists him as the owner of Synergy Services and president of Synergy Law.

19. Maresca's LinkedIn account lists him as president of Synergy Services.

20. Maresca is not a lawyer.

21. Defendant Megan A. Kerrigan is an attorney licensed in the State of Pennsylvania who is associated with Synergy. Kerrigan's law license is currently administratively suspended.

22. Defendant Kerrigan Legal, LLC, ("Kerrigan Legal") is a Pennsylvania limited liability company operated by Kerrigan.

23. Synergy uses Kerrigan Legal's bank account to collect and deposit payments from its clients.

24. The last known mailing address for Kerrigan Legal is 260 North Street, 1st Floor,

---

[1] *See In re Williams,* case no.17-10381 (Bankr. E.D. Pa. 2017) (ordering Synergy Attorney Services, LLC, to refund $9,500 to debtor Robert Lee Williams pursuant to 11 U.S.C. §§ 329 and 526-528); *In re Vega*, case no 18-40159 (Bankr. D. Kan. 2018) (approving stipulated agreement disgorging all fees and enjoining Synergy, and any related entity, from further violations of 11 U.S.C. §§ 526-528); *In re Cornett*, case no. 17-11996 (Bankr. D. Kan. 2017) (same); *In re Guthrie*, case no. 17-10442 (Bankr. D. Kan. 2017) (disgorging all fees under § 329); *In re Turner,* case no. 2:16−bk−16126−BB (C.D. Cal. 2017) (holding that Synergy violated every provision of 11 U.S.C. § 110).

4

Harrisburg, Pennsylvania, 17101.

25. Defendant Scott M. Marinelli is an attorney licensed in the State of New Jersey who is associated with Synergy. On August 25, 2017, the New Jersey Supreme Court temporarily suspended Marinelli from the practice of law. Upon information and belief, Marinelli's law license has not been reinstated.

26. Marinelli is general counsel for Synergy.

27. Defendant Jeremy J. Deeken is an attorney licensed by the State of Missouri and a member of the bar of this Court, who is associated with Synergy. Deeken uses an alias, d/b/a "Jeremy Deeken Esq. & Associates." Jeremy Deeken, Esq. & Associates is not a registered entity in the State of Missouri.

28. Kerrigan, Deeken, and Marinelli are listed on the letterhead of Synergy Services.

29. Maria Jackson is an individual who resides in the State of Missouri and is the debtor in above-captioned case, which remains pending as case number 18-40015 (the "Bankruptcy Case"). Jackson is represented in the Bankruptcy Case by William Turner of the law firm WM Law.

30. Janice E. Stanton is the Chapter 7 trustee ("Trustee") in the Bankruptcy Case.

### Factual Allegations

### The Synergy Solicitation

31. Sometime prior to May 17, 2017, the Debtor filled out information online for the Home Affordable Refinance Program ("HARP"), a debt modification program for residential real estate debt.

32. Shortly thereafter, the Debtor received an email from Synergy advertising their mortgage modification services and soliciting her business.

5

33. Through its websites, Synergy promotes itself as a nationwide law firm with experienced attorneys focusing on payment relief, foreclosure defense, and relocation assistance. Synergy charges clients monthly fees for their services and offers a variety of payment plans.

34. Generally, Synergy Services acts as the "intake service" in the Synergy business model. Synergy Services collects the information, documents, and payments from the client.

35. On or about May 17, 2017, the Debtor called Synergy in response to their solicitation email and indicated she wanted Synergy to assist her with obtaining a residential mortgage loan modification. Synergy then transferred the Debtor to its billing department, and a man named Daniel requested a $1,250 payment from the Debtor.

36. On May 17, 2017, the Debtor signed an engagement agreement with "Synergy Attorney Services, LLC, Intake Office for Jeremy Deeken Esq. & Associates."

37. At the time the Debtor signed the retainer, she had not spoken with Deeken, Kerrigan, Marinelli, or any other attorney affiliated with Synergy.

38. On or about May 19, 2017, the Debtor paid Synergy $1,250. At this time, one or more Synergy employees told the Debtor that they could "almost guarantee" Synergy would obtain a loan modification for her.

39. Synergy charged the Debtor a monthly fee of $775.00 for its services.

40. Synergy directed the Debtor's payments to be made to a Kerrigan Legal bank account.

41. From May 17, 2017, until January 2, 2018, the Debtor spoke with multiple representatives of Synergy including Kim, Daniel, Monica, Nancy, Teffa, Mequiya

Yates, Mia, Angela Smith, and Marinelli.

## The Bankruptcy Cases

42. Despite the fact that Synergy Services expressly states on its website that the firm is not authorized to give bankruptcy advice, within a week of being retained by the Debtor Synergy provided the Debtor with a blank Chapter 13 bankruptcy petition.

43. Synergy representatives discussed the form over the phone with the Debtor, advised her how to complete the form, asked her to scan the completed document and email it to them, and then advised her where to file it.

44. On May 24, 2017, the Debtor filed a *pro se* Chapter 13 bankruptcy petition, as case number 17-41407 (the "May 24 Petition").

45. At the time, the Debtor did not understand that she was filing bankruptcy. Rather, based on what she was told by Synergy representatives, the Debtor believed the document she filed was simply a part of the loan modification application process.

46. The Debtor did not file schedules and statements and other required documents with the May 24 Petition. As a result, the Court issued an Order to Show Cause on May 24, 2017, (the "May 24 OSC") for why the case should not be dismissed for failing to file all required documents.

47. The Debtor did not respond to the May 24 OSC, and the case was dismissed on June 14, 2017.

48. Throughout the spring, summer, and fall of 2017, the Debtor experienced extreme financial hardship as well as a life-threatening medical condition for which she was hospitalized.

49. Due to these circumstances, the Debtor often did not timely pay Synergy the full $775

monthly payment. Whenever her payments were late or deficient, Synergy representatives called or emailed the Debtor requesting payment and stating that they would not provide loan modification services unless the payments were made.

50. Thus, the Debtor continued to make payments to Synergy, paying $500 on June 16; $225 on June 28; $410 on July 26; $365.00 on August 23; and $150.00 on August 24, 2017.

51. In late July 2017, presumably having realized the bankruptcy stay was no longer in place, Synergy sent the Debtor another blank Chapter 13 petition and again advised the Debtor how to complete and file it.

52. On August 1, 2017, the Debtor filed a *pro se* Chapter 13 bankruptcy petition as case number 17-42054 (the "August 1 Petition").

53. The Debtor did not file the required documents with her August 1 Petition. As a result, the Court issued an Order to Show Cause on August 1, 2017 (the "August 1 OSC") for why the case should not be dismissed for failing to file all required documents with the August 1st Petition.

54. The Debtor received the notice of her § 341 meeting, which was scheduled for September 5, 2017.

55. Based on information provided by Synergy, the Debtor believed the meeting was a part of the loan modification process. The Debtor also believed that Marinelli would be present at the meeting to represent her.

56. The Debtor arrived at the courthouse for her § 341 meeting on September 5, 2017, but left without appearing at the meeting after realizing Marinelli was not present.

57. While at the courthouse, the Debtor learned that she had filed bankruptcy and was listed as *pro* se, or without legal representation.

58. When the Debtor left the courthouse, she called Synergy and asked to speak to Marinelli.

59. The following day, September 6, 2017, Marinelli called the Debtor and informed her that Deeken was her local attorney. Marinelli reassured the Debtor it was alright that she had never spoken to Deeken because he was used only for "appearance matters." During this phone call, Marinelli told the Debtor she needed to be in bankruptcy. However, he ended the conversation by reiterating that he was working on her loan modification.

60. After speaking with Marinelli, the Debtor attempted to call Deeken multiple times at a number she was provided by Synergy. No one answered at that number and there was no voicemail greeting or the ability to leave a message.

61. After the Debtor's conversation with Marinelli and her failed attempts to contact Deeken, the Debtor did not make any payments to Synergy in September and October 2017.

62. On September 12, 2017, the Court entered an order dismissing the Debtor's case for failure to file all required documents with the August 1 Petition.

63. On October 10, 2017, the Debtor filed a motion to vacate the order of dismissal and reinstate her case, but the motion was denied.[2]

64. On November 6, 2017, Synergy sent the Debtor a letter stating they could not move

---

[2] The Debtor appeared at the courthouse on October 10, 2017, for the continued § 341 meeting only to learn that her case had been dismissed on September 12, 2017.

forward with her modification because she stopped making her monthly payments to them.

65. When she received this letter, the Debtor called Synergy and spoke with Synergy representative Angela Smith in the billing department. The Debtor explained that she was unemployed and could not afford the monthly payment of $775.00. Smith agreed to lower the Debtor's monthly payment to $387.50.

66. On November 6, 2017, the Debtor made a payment of $387.50 to Synergy.

67. On November 20, 2017, Synergy sent the Debtor a letter stating that her lender had denied her modification package.

68. On November 22, 2017, Synergy representative Stephanie Turk sent the Debtor an email request for another payment.

69. After receiving the November 20 letter from Synergy, the Debtor called her mortgage holder, Wells Fargo. The Wells Fargo representative told the Debtor that they had not received an application for loan modification and the time to apply for a modification had lapsed.

70. On December 29, 2017, the Debtor met with William Turner of WM Law and retained WM Law to file this Bankruptcy Case.[3]

---

[3] In the meantime, on December 7, 2017, the Debtor found online the Roosevelt Law Center, PC, in California. The Debtor paid the Roosevelt Law Center $1,000. On December 23, 2017, William Kumar, a collateral processor with Roosevelt Law Center called the Debtor and advised her that they were not able to help her with a loan modification but they did believe filing bankruptcy was in her best interest. Mr. Kumar told the Debtor he did an online search of bankruptcy law firms near her and recommended she contact WM Law. The Roosevelt Law Center does not appear to be associated in any way with Synergy or WM Law.

71. On January 2, 2018, the Debtor received an email from Mequiya Yates of Synergy with yet another blank Chapter 13 petition attached and a request for the Debtor call her to go over the forms together. The Debtor did not respond.

## Count I – Violations of 11 U.S.C. § 526(a)

72. Paragraphs 1-71 of this Complaint are incorporated by reference.

73. At all times relevant to this complaint, the Debtor was an "assisted person" as that term is defined by 11 U.S.C. § 101(3).

74. Synergy Services is a debt relief agency, as that term is defined by 11 U.S.C. § 101(12A).

75. Synergy Law is a debt relief agency, as that term is defined by 11 U.S.C. § 101(12A).

76. Maresca is a debt relief agency, as that term is defined by 11 U.S.C. § 101(12A).

77. Deeken is a debt relief agency, as that term is defined by 11 U.S.C. § 101(12A).

78. Kerrigan is a debt relief agency, as that term is defined by 11 U.S.C. § 101(12A).

79. Marinelli is a debt relief agency, as that term is defined by 11 U.S.C. § 101(12A).

80. On or about May 17, 2017, Defendant Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan and/or Marinelli represented to the Debtor that they would assist her with a mortgage loan modification application.

81. Defendant Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan and/or Marinelli also represented to the Debtor that it would provide her with an attorney licensed in Missouri.

82. The retention agreement signed by the Debtor with Defendant Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan and/or Marinell promised that they would

11

provide the Debtor loss mitigation services, including negotiating a loan modification offer.

83. The Defendants failed to perform the services they promised the Debtor.

84. Instead, the Defendants directed the Debtor to file two separate *pro se* bankruptcy cases and misrepresented to the Debtor that the filing of these forms were a legitimate part of the loan modification process.

85. Despite repeated attempts, the Debtor was never able to contact Deeken.

86. Synergy provided the Debtor a New Jersey attorney, Marinelli, who was not licensed in Missouri and whose license to practice law in New Jersey has been suspended since August 25, 2017.

87. The Defendants materially omitted any substantive discussion concerning the risks of filing for bankruptcy, the benefits of filing for bankruptcy under another chapter, or the availability of non-bankruptcy options, as required by § 526(a)(3)(B) of the Bankruptcy Code.

88. The Defendants misrepresentations to the Debtor were intentional.

89. The Defendants' violations of § 526 in this case were part of a clear and consistent pattern or practice, as evidenced by the Defendants' similar violations of § 526 in other cases.

WHEREFORE, the Plaintiff prays for a final order and judgment on Count I:

i. Finding that the Defendants Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli violated 11 U.S.C. § 526(a)(1);

ii. Finding that Defendants Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli violated 11 U.S.C. § 526(a)(2);

    iii. Finding that Defendants Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli violated 11 U.S.C. § 526(a)(3);

    iv. Finding that Defendants Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli intentionally violated 11 U.S.C. § 526;

    v. Finding that Defendants Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli engaged in a clear and consistent pattern or practice of violating 11 U.S.C. § 526;

    vi. Imposing a civil penalty, payable to the clerk of the Court in the name of the United States Treasury, pursuant to § 526(c)(5)(B) of $10,000 (an amount that is approximately treble the fees paid by the Debtor to Synergy), jointly and severally, against Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli;

    vii. Imposing any further relief the Court deems just and proper.

## Count II- Violation of 11 U.S.C. § 528

90. Paragraphs 1-89 of this Complaint are incorporated by reference.

91. Defendants Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli did not, prior to the filing of the May 24 Petition and within 5 business days of first providing any bankruptcy assistance services, execute a written contract with the Debtor that clearly and conspicuously explained what services they would provide the Debtor, the fees or charges for those services, and the terms of payment.

92. Accordingly, because the contract between Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, Marinelli, and the Debtor fails to comply with the material

provisions of § 528 of the Bankruptcy Code, the Court should find cause exists to declare the agreement void and unenforceable under § 328.

WHEREFORE, the Plaintiff prays for a final order and judgment on Count II:

i. Declaring the fee agreement between Defendants Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, Marinelli, and the Debtor to be void and enforceable;

ii. Ordering, pursuant to 11 U.S.C. § 105(a), the disgorgement of all fees paid under the agreement; and

iii. For any further relief the Court deems just and proper.

### Count III- Disgorgement of Fees Pursuant to 11 U.S.C. § 329

93. Paragraphs 1-92 of this Complaint are incorporated by reference.

94. The Debtor retained Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli to assist her with a residential mortgage loan modification.

95. The Debtor paid a total of $3,337.50 to Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and/or Marinelli for this loan modification assistance.

96. Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli did not provide any substantive assistance to the Debtor with her residential mortgage loan modification.

97. Instead, despite their representations to the Debtor, the Defendants contemplated, intended, and directed the filing of not one but two bankruptcy cases by the Debtor.

98. Thus, the fees paid to the Defendants were paid in contemplation or in relation to a bankruptcy filing.

99. Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli failed to comply with § 329(a) and Rule 2016 of the Federal Rules of Bankruptcy Procedure to disclose all fees they were paid by the Debtor within one year of the May 24 Petition and one year of the August 1 Petition.

100. Failure to comply with the disclosure requirements of § 329(a) and Rule 2016, standing alone, is cause to order the disgorgement of all fees. *Schroeder v. Rouse (In re Redding)*, 251 B.R. 547, 551 (Bankr. W.D. Mo. 2000);[4] *see also In re Satnam Lodging, LLC,* 2013 WL 3776326 at *6 (Bankr. W.D. Mo. July 16, 2013).

101. Furthermore, the fees paid by the Debtor to Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli exceed the reasonable value of their services under 11 U.S.C. § 329(b).

102. Accordingly, the Defendants should be ordered to disgorge all fees they received from the Debtor pursuant to § 362(b)(2).

WHEREFORE, the Plaintiff prays for a final order and judgment on Count III:

    i. Determining that the retention of any fees in this case by Defendants Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and/or Marinelli is unreasonable in this case;

    ii. Ordering disgorgement of all such fees jointly and severally from Defendants Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli to the Debtor pursuant to 11 U.S.C. § 329(b)(2); and

    iii. For any further relief the Court deems just and proper.

---

[4] *as amended*, 265 B.R. 601 (8th Cir. BAP 2001).

## **Count IV – Sanctions for Engaging in the Unauthorized Practice of Law in Missouri**

103. Paragraphs 1-102 of this Complaint are incorporated by reference.

104. Synergy, acting through its employees and agents, engaged in the unauthorized practice of law in this Court and the State of Missouri, from at least May 17, 2017, through November 2017, by representing the Debtor and advising her to file bankruptcy in this Court without the active participation and joint liability of a lawyer licensed to practice law in this Court or in the State of Missouri and in violation of Missouri Supreme Court Rule 4-5.5(c)(1), which is incorporated into the local rules of this Court.

105. Marinelli, a lawyer who is not licensed to practice law in Missouri, engaged in the unauthorized practice of law in this Court and the State of Missouri, from at least September 2017, through November 2017, by representing the Debtor in the bankruptcy case filed on August 1, 2017, without the active participation and joint liability of a lawyer licensed to practice law in this Court or in the State of Missouri and in violation of Missouri Supreme Court Rule 4-5.5(c)(1), which is incorporated into the local rules of this Court.

106. Synergy, Maresca, Deeken, Kerrigan and/or Marinelli either knowingly aided and abetted the unauthorized practice of law or negligently failed to supervise its employees and agents when one or more non-lawyer employees or agents of Synergy advised the Debtor to file two separate Chapter 13 petitions in this Court.

107. The Defendants' knowing disregard or negligence in the proper supervision of its employees or agents amounts to the failure to materially comply with Missouri Supreme Court Rule 4-5.3, as incorporated into the local rules of this Court.

108. The Defendants' retainer agreement with the Debtor contains a provision stating that the client's retainer is non-refundable if any information the client provides is inaccurate or incomplete. This provision violates Missouri Supreme Court Rule 4-1.5 in that is purports to be a non-refundable retainer.

109. Deeken, Kerrigan, and Marinelli violated Missouri Supreme Court Rule 4-5.4 by sharing fees with Maresca, a non-lawyer.

110. Deeken, Kerrigan, and Marinelli violated Missouri Supreme Court Rule 4-5.4(d) by practicing law in or for an entity that is owned by a non-lawyer.

WHEREFORE, the Plaintiff prays for a final order and judgment on Count IV:

   i. Finding that Synergy Services, Synergy Law, Maresca, Kerrigan, and Marinelli engaged in misconduct by violating Rules 4-5.3 and 4-5.5 of the Missouri Rules of Professional Conduct, as incorporated into the local rules of this Court, by engaging in the unauthorized practice of law in Missouri;

   ii. Finding that Synergy Services, Synergy Law, Deeken, Kerrigan, and Marinelli engaged in misconduct by violating Rules 4-5.3 and 4-5.5 of the Missouri Rules of Professional Conduct, as incorporated into the local rules of this Court, by failing to properly supervise non-lawyer assistants;

   iii. Finding that Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli engaged in misconduct by violating Rule 4-1.5 of the Missouri Rules of Professional Conduct by purporting to take a non-refundable retainer;

   iv. Finding that Deeken, Kerrigan, and Marinelli engaged in misconduct by violating Rule 4-5.4 by sharing fees with a non-lawyer;

    v.    Finding that Deeken, Kerrigan, and Marinelli engaged in misconduct by violating Rule 4-5.4(d) by practicing law with or for an entity owned by a non-lawyer;

    vi.    Imposing an appropriate sanction against Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli, including a bar on the commencement of new cases in this district for an appropriate period of time not less than one year; and

    vii.    Ordering Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli, jointly and severally, to pay the Plaintiff's attorneys' fees and costs in investigating and litigating this action as a civil remedial sanction; and

    viii.    For any further relief the Court deems just and proper to deter repetition of such conduct by Synergy Services, Synergy Law, Maresca, Deeken, Kerrigan, and Marinelli.

Dated: July 24, 2018

Respectfully submitted,

Daniel J. Casamatta
ACTING UNITED STATES TRUSTEE

BY: */s/ Sherri L. Wattenbarger*
SHERRI L. WATTENBARGER,
MO Bar #65429
Trial Attorney
Office of the United States Trustee
400 East 9th Street, Room 3440
Kansas City, MO  64106
Telephone: (816) 512-1948
Fax: (816) 512-1967
Email: sherri.wattenbarger@usdoj.gov